UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**Paul Garvey, individually and for others similarly situated,**

    Plaintiff

v.

**SM Energy Company,**

    Defendant.

Civil Action No. 1:23-cv-02508

### DEFENDANT'S FIRST AMENDED ANSWER
### TO ORIGINAL COLLECTIVE ACTION COMPLAINT

Defendant SM Energy Company ("Defendant" or "SM Energy") files this First Amended Answer to Plaintiff's Original Collective Action Complaint (the "Complaint") (Doc. 1). Defendant denies all allegations in the Complaint not specifically admitted below. The numbered paragraphs below correspond to the numbered paragraphs in the Complaint.

#### SUMMARY

1. Paragraph 1 contains Plaintiff's characterization of this lawsuit rather than any factual averment, and no response is required. To the extent any response is required, Defendant denies paragraph 1, denies that it violated the Fair Labor Standards Act ("FLSA") with respect to Plaintiff or any other individual, and denies that Plaintiff or any other individual is entitled to relief as alleged.

2. Denied.

3. Denied.

4. Defendant is without knowledge or information sufficient to form a belief as to the

1

truth of Paragraph 4's allegations regarding the number of hours worked by individuals it did not employ, and Defendant therefore denies paragraph 4.

5. Defendant admits that it did not make any payment to Plaintiff because it did not employ him. Defendant denies all remaining allegations in paragraph 5 and specifically denies that collective action treatment of this action is appropriate.

6. Denied.

7. Denied.

## JURISDICTION AND VENUE

8. Defendant does not contest the Court's original subject matter jurisdiction.

9. Defendant admits that it maintains a principal place of business in Denver, Colorado. The remaining allegations in paragraph 9 of the Complaint are legal conclusions to which no response is required. To the extent any response is required, Defendant denies all remaining allegations in paragraph 9 of the Complaint.

10. Defendant does not contest venue at this time.

## PARTIES

11. Defendant denies that it employed Plaintiff and that Plaintiff "worked for" Defendant; Defendant therefore denies the allegations in paragraph 11 of the Complaint.

12. Denied.

13. Denied.

14. Paragraph 14 sets forth Plaintiff's characterization of a document attached to the Complaint as Exhibit 1 rather than any factual averment, and the Rules therefore require no response. To the extent any response is required, Defendant admits that Exhibit 1 to the Complaint

is a document titled "Confidential Fair Labor Standards Act Employment Services Consent" and denies all remaining allegations in paragraph 14 of the Complaint.

15. This paragraph of the Complaint contains Plaintiff's characterization of the nature of his lawsuit rather than any factual averment, and no response is required. To the extent any response is required, Defendant denies any allegations in this paragraph and states that it at all times complied with the FLSA.

16. Denied.

17. Paragraph 17 of the Complaint contains Plaintiff's proposed collective definition rather than any factual averment, and no response is required. To the extent any response is required, Defendant denies any allegations in this paragraph of the Complaint, specifically denies that Plaintiff or anyone similar to him was an employee of Defendant, denies that the collective as alleged in the Complaint would be proper, denies that Plaintiff would be a proper collective representative, and states that it at all times complied with the FLSA.

18. Admitted.

19. Admitted.

### COVERAGE UNDER THE FLSA

20. This paragraph of the Complaint contains legal conclusions to which no response is required. To the extent any response is required, Defendant denies any allegations in this paragraph of the Complaint.

21. This paragraph of the Complaint contains legal conclusions to which no response is required. To the extent any response is required, Defendant denies any allegations in this paragraph of the Complaint.

3

22. This paragraph of the Complaint contains legal conclusions to which no response is required. To the extent any response is required, Defendant denies any allegations in this paragraph of the Complaint.

23. Defendant admits that it has had an annual gross volume of sales made or business done of not less than $1,000,000 in certain past years. Defendant denies any remaining allegations in this paragraph of the Complaint.

24. Denied.

25. This paragraph of the Complaint contains legal conclusions to which no response is required. To the extent any response is required, Defendant denies any allegations in this paragraph of the Complaint.

26. Denied.

27. This paragraph of the Complaint contains legal conclusions to which no response is required. To the extent any response is required, Defendant denies any allegations in this paragraph of the Complaint and specifically denies any alleged misclassification of Plaintiff or any person he alleges to be similarly situated to him.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

**FACTS**

32. Admitted.

33. Defendant admits that it hires employees. Defendant denies that it has ever

employed Plaintiff or anyone alleged to be similarly situated, and Defendant denies any remaining allegations in this paragraph of the Complaint.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Defendant admits that it maintains certain standards and procedures applicable to vendors that it engages. Defendant denies any allegations in this paragraph of the Complaint.

42. Defendant admits that it maintains certain standards and procedures applicable to vendors that it engages. Defendant denies any allegations in this paragraph of the Complaint.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Defendant admits that its operations require significant investment of financial resources. Defendant denies all remaining allegations in this paragraph of the Complaint.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Defendant denies employing Plaintiff and that Plaintiff "worked for" Defendant. Defendant therefore denies the allegations in paragraph 61 of the Complaint.

62. Defendant admits that Plaintiff was among the personnel of PerformWell Geosteering, a vendor of Defendant providing geosteering services. Defendant denies all remaining allegations in paragraph 62 of the Complaint.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Defendant denies employing Plaintiff and therefore denies making any payment to him or anyone he alleges to be similarly situated to him. Defendant denies all remaining allegations in this paragraph.

68. Denied.

69. Defendant denies employing Plaintiff and therefore denies making any payment to him or anyone he alleges to be similarly situated to him. Defendant denies all remaining allegations in this paragraph.

70. Defendant denies employing Plaintiff and therefore denies making any payment to him or anyone he alleges to be similarly situated to him. Defendant denies all remaining allegations in this paragraph.

71. This paragraph sets forth Plaintiff's characterization of law rather than any factual averment, and no response is required. To the extent any response is required, Defendant denies any allegations in this paragraph of the Complaint.

72. Defendant denies employing Plaintiff and therefore denies making any payment to him or anyone he alleges to be similarly situated to him. Defendant denies all remaining allegations in this paragraph.

73. Denied.

74. Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations regarding his work schedule during the three years before the filing of the Complaint and therefore denies such allegations. Defendant denies employing Plaintiff or anyone he alleges to be similarly situated to him.

75. Defendant denies the allegations in this paragraph of the Complaint and specifically denies that it ever employed any independent contractor.

76. Denied.

77. Denied.

78. Denied.

### COLLECTIVE ACTION ALLEGATIONS

79. This paragraph of the Complaint contains Plaintiff's incorporation of other paragraphs rather than any factual averment, and no response is required. To the extent any response is required, Defendant denies any allegations in this paragraph of the Complaint.

80. This paragraph of the Complaint contains Plaintiff's characterization of the nature of his lawsuit rather than any factual averment, and no response is required. To the extent any response is required, Defendant denies any allegations in this paragraph of the Complaint and states that it at all times complied with the FLSA.

81. Denied.

82. Defendant denies that it ever employed Plaintiff or any other independent contractor. Defendant denies any remaining allegations in this paragraph of the Complaint.

83. Defendant specifically denies that it committed any "illegal practices" with regard to Plaintiff, any other independent contractors, or otherwise. Defendant denies any remaining allegations in this paragraph of the Complaint.

84. To the extent this paragraph makes allegations with respect to "Day Rate Workers," this paragraph contains legal conclusions about similarly situated status to which no response is required. To the extent any response is required, Defendant denies such allegations, and Defendant denies any remaining allegations in this paragraph of the Complaint.

85. Defendant denies the allegations in this paragraph of the Complaint and specifically denies that collective certification under the FLSA is appropriate in this action.

86. This paragraph of the Complaint contains legal conclusions to which no response

8

is required. To the extent any response is required, Defendant denies any allegations in this paragraph of the Complaint and specifically denies any alleged misclassification of Plaintiff or any person he alleges to be similarly situated to him.

87. This paragraph of the Complaint contains legal conclusions to which no response is required. To the extent any response is required, Defendant denies any allegations in this paragraph of the Complaint and specifically denies that collective certification under the FLSA is appropriate in this action.

88. This paragraph of the Complaint contains legal conclusions to which no response is required. To the extent any response is required, Defendant denies any allegations in this paragraph of the Complaint and specifically denies that collective certification under the FLSA is appropriate in this action.

89. This paragraph of the Complaint contains legal conclusions to which no response is required. To the extent any response is required, Defendant denies any allegations in this paragraph of the Complaint and specifically denies that class certification under the FLSA is appropriate in this action.

90. Denied.

91. Denied.

92. This paragraph of the Complaint contains legal conclusions to which no response is required. To the extent any response is required, Defendant denies any allegations in this paragraph of the Complaint.

93. Defendant admits that the damages alleged are individual in character. Defendant denies any remaining allegations in this paragraph of the Complaint.

94. This paragraph of the Complaint contains legal conclusions to which no response is required. To the extent any response is required, Defendant denies any allegations in this paragraph of the Complaint and specifically denies that class certification under the FLSA is appropriate in this action.

95. Denied.

96. Denied.

97. Denied.

98. Denied.

99. Denied.

100. Denied.

101. Denied.

102. Denied.

103. Denied.

104. Defendant is without knowledge of what Plaintiff "knows" with respect to the significant litigation management difficulties this action may present. Accordingly, Defendant denies the allegations in this paragraph of the Complaint.

105. Denied.

106. Denied.

107. Denied.

108. Denied.

109. Denied.

### SM ENERGY'S FLSA VIOLATIONS WERE WILLFUL

**AND/OR DONE IN RECKLESS DISREGARD OF THE FLSA**[1]

110. This paragraph of the Complaint contains Plaintiff's incorporation of other paragraphs rather than any factual averment, and no response is required. To the extent any response is required, Defendant denies any allegations in this paragraph of the Complaint.

111. Denied.

112. Denied.

113. Denied.

114. Denied.

115. Denied.

116. Denied.

117. Denied.

118. Denied.

119. Denied.

120. Denied.

121. Denied.

122. Denied.

123. Defendant denies any independent contractor misclassification and denies violating the FLSA. Defendant denies any remaining allegations in this paragraph of the Complaint.

124. This paragraph of the Complaint contains legal conclusions to which no response is required. To the extent any response is required, Defendant denies any allegations in this

---

[1] For formatting purposes, Defendant includes throughout this First Amended Answer the headings set forth in the Complaint; Defendant does not, however, admit any allegation contained in any heading—all such allegations are expressly denied.

11

paragraph of the Complaint and states that it at all times complied with the FLSA.

125. This paragraph of the Complaint contains legal conclusions to which no response is required. To the extent any response is required, Defendant denies any allegations in this paragraph of the Complaint and states that it at all times complied with the FLSA.

126. Defendant denies that it ever employed Plaintiff or any other independent contractor. Defendant denies any remaining allegations in this paragraph of the Complaint.

127. Denied.

128. Denied.

129. Defendant denies that it ever employed Plaintiff or any other independent contractor and therefore denies making any payment to Plaintiff or anyone alleged to be similarly situated. Defendant denies any remaining allegations in this paragraph of the Complaint.

130. Defendant denies employing Plaintiff and therefore denies making any payment to Plaintiff or anyone he alleges to be similarly situated to him. Defendant denies any remaining allegations in this paragraph of the Complaint.

131. Defendant denies employing Plaintiff and therefore denies making any payment to Plaintiff or anyone he alleges to be similarly situated to him. Defendant denies any remaining allegations in this paragraph of the Complaint.

132. This paragraph of the Complaint contains legal conclusions to which no response is required. To the extent any response is required, Defendant denies any allegations in this paragraph of the Complaint and states that it at all times complied with the FLSA.

133. This paragraph of the Complaint contains legal conclusions to which no response is required. To the extent any response is required, Defendant denies any allegations in this

paragraph of the Complaint and states that it at all times complied with the FLSA.

134. Denied.

135. Defendant denies employing Plaintiff or anyone he alleges to be similarly situated to him and therefore denies the allegations in this paragraph of the Complaint.

136. Defendant denies employing Plaintiff or anyone he alleges to be similarly situated to him and therefore denies the allegations in this paragraph of the Complaint.

137. Denied.

138. Denied.

139. Defendant admits that it has previously been sued in actions alleging violation of the FLSA. Defendant denies all remaining allegations in this paragraph of the Complaint.

## CAUSE OF ACTION
## FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA

140. This paragraph of the Complaint contains Plaintiff's incorporation of other paragraphs rather than any factual averment, and no response is required. To the extent any response is required, Defendant denies any allegations in this paragraph of the Complaint.

141. This paragraph of the Complaint contains Plaintiff's characterization of the nature of his lawsuit rather than any factual averment, and no response is required. To the extent any response is required, Defendant denies any allegations in this paragraph of the Complaint and states that it at all times complied with the FLSA.

142. Denied.

143. Denied.

144. Denied.

## JURY DEMAND

145. Defendant acknowledges Plaintiff's jury demand.

**RELIEF SOUGHT**

146. Defendant denies that Plaintiff (or any individual alleged to be similarly situated) is entitled to any relief as pleaded in the Complaint.

**DEFENSES**

Defendant pleads the following additional defenses to the Complaint alternatively, without admission or concession that it bears the burden of proof for any of them:

1. To the extent this matter is allowed to proceed as a collective action, which Defendant denies is appropriate, all defenses and affirmative defenses asserted in this answer apply equally to all collective members to the extent applicable to their individual claims.

2. Subject to discovery, to the extent Plaintiff is party to an arbitration agreement requiring the claims asserted in this action to be resolved through final and binding arbitration, Plaintiff must pursue his claims, if at all, in accordance with his agreement, including with his agreement to prosecute claims in arbitration on an individual, rather than class, collective, or representative, basis.

3. Plaintiff is not an employee entitled to relief under the FLSA.

4. Plaintiff has failed to identify a proper potential collective and has failed to define the potential collective with sufficient particularity. This matter is not appropriate for collective treatment under the FLSA, including, subject to discovery, to the extent Plaintiff is party to an agreement requiring him to resolve the claims asserted in this action through arbitration or on an individual, rather than class, collective, or representative, basis.

5. Defendant acted in good faith, with the reasonable belief that it complied with the

14

law. Moreover, Defendant did not willfully deprive Plaintiff of any due compensation. Defendant has acted in good faith and in accordance with standard industry practices applicable to the compensation of workers performing similar services. Plaintiff is not entitled to liquidated (that is, double) damages under the FLSA, and, at most, a two-year limitations period applies.

6. Plaintiff was paid all compensation to which he was entitled under the FLSA.

7. Plaintiff is barred by limitations to the extent Plaintiff seeks relief or to recover damages for the period of time beyond three years before Plaintiff filed his consent to join this action as a plaintiff.

8. With respect to claims for damages within a three-year lookback period, the applicable statute of limitations bars at least part of the claim asserted. Plaintiff is entitled to recover, at most, for a two-, rather than three-, year period.

9. Some or all of the hours for which Plaintiff seeks overtime compensation are not hours worked under the FLSA and do not otherwise have to be included in the regular rate of pay.

10. With respect to the calculation of Plaintiff's damages, if any, Plaintiff received payments that are not includable in the regular rate of pay, such as payments for time during which no work was performed (*i.e.*, time that is not hours worked).

11. The amount of unpaid overtime, if any, was *de minimis*.

12. Plaintiff's damages, if any, are limited or capped in accordance with applicable law.

13. In the alternative, to the extent Plaintiff is determined to be an employee of Defendant under the FLSA, which Defendant denies, Plaintiff is exempt from the FLSA's overtime provisions, including but not limited to under the Administrative Exemption, the Professional Exemption, the Executive Exemption, and the Highly Compensated Employee Exemption, or

15

other similar exemptions and related case law, regulations, and guidance.

14. To the extent Plaintiff concealed any time worked from Defendant, Defendant did not suffer or permit that work, so that work is not compensable under applicable law. Plaintiff's claims are barred as to all hours allegedly worked of which Defendant lacked actual or constructive knowledge.

Defendant reserves the right to amend this First Amended Answer by adding defenses, counterclaims, cross claims, or other demands as additional facts are obtained through investigation and discovery. Defendant preserves and does not waive any defenses permitted by the Federal Rules of Civil Procedure or applicable law, or any other matter constituting an avoidance or defense as discovery may reveal to be applicable. By pleading a specific defense, Defendant does not assume the burden of proof with respect to such defense if the burden is properly on Plaintiff.

Defendant asks the Court to enter judgment that Plaintiff take nothing, dismiss Plaintiff's suit with prejudice, assess costs against Plaintiff and award Defendant all other relief the Court deems appropriate.

Respectfully submitted,

*/s/ Corey E. Devine*
**Corey E. Devine**
Texas Bar No. 24055399
**Mariah O. Berry**
Texas Bar No. 24109643
**Brittany K. King**
Texas Bar No. 24126244
MUSKAT DEVINE LLP
1201 Louisiana Street, Suite 850
Houston, Texas 77002

>Telephone: 713-987-7850
>Facsimile: 713-987-7854
>Email: cdevine@muskatdevine.com
>Email: mberry@muskatdevine.com
>Email: bking@muskatdevine.com
>Attorneys For Defendant SM Energy Company

## CERTIFICATE OF SERVICE

This is to certify that on January 31, 2024, a true and correct copy of the foregoing document has been served on Plaintiff's counsel of record via the Electronic Case Filing system.

>*/s/ Corey E. Devine*
>COREY E. DEVINE