IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:23-cv-02508-CNS-TPO

PAUL GARVEY, individually and for others similarly situated,

      Plaintiff,

v.

SM ENERGY COMPANY,

      Defendant.

---

## ORDER

---

Plaintiff Paul Garvey initiated this collective action lawsuit to recover unpaid overtime wages and other damages from SM Energy Company under the Fair Labor Standards Act (FLSA). ECF No. 1. Following settlement discussions and mediation, Plaintiff, "on behalf of himself and on behalf of all other Opt-in Plaintiffs [] and Potential Class Members," submitted to the Court an Unopposed Motion to Approve Settlement. ECF No. 36. Because, among several other deficiencies, Plaintiff provides no indication that he provided opt-in plaintiffs with notice of the settlement and an opportunity to object, the Court denies the present motion.

## I.  BACKGROUND

Plaintiff alleged that SM Energy uniformly misclassified him and other similarly situated employees, which he defines as Day Rate Workers, as independent contractors and paid them a flat amount for each day worked, regardless of the total number of hours they worked in a workweek. ECF No. 21 at 2. He argues that SM Energy's uniform "day

1

rate" pay scheme violates the FLSA by depriving the Day Rate Workers of overtime wages at 1.5 times their regular rates for all hours worked over 40 hours. *Id.* SM Energy denies that Plaintiff and other Day Rate Workers were employees of SM Energy entitled to overtime pay. *Id.* at 3.

In his motion to approve the parties' confidential settlement agreement, Plaintiff states that the parties reached a settlement following "protracted litigation." ECF No. 36 at 1. Although Plaintiff filed his collective action lawsuit on September 26, 2023, the public docket does not indicate protracted litigation. For example, the parties agreed that the deadline for filing a motion for certification shall be April 30, 2024. ECF No. 21 at 7. On that day, Plaintiff sought a 14-day extension to move for conditional certification following turnover of lead counsel. ECF No. 28. Plaintiff, however, chose not to move for conditional certification. Another example is that Plaintiff has only identified two other Day Rate Workers that consent to making a claim against SM Energy in the 14 months since filing his lawsuit against SM Energy. *See* ECF Nos. 23-1 and 26-1. Beyond these two examples, the draft settlement agreement, and a single-day mediation, there is no evidence on the docket to indicate protracted litigation.[1]

## II. ANALYSIS

Plaintiff filed his FLSA claim under 29 U.S.C. § 216(b). When employees file suit against their employer to recover back wages under the FLSA, "any proposed settlement between the parties must be presented to the court for a determination of whether the

---

[1] In the Motion to Approve Settlement, Plaintiff's counsel represents that they "engaged in written discovery, interviewed clients, engaged in discovery disputes, drafted a motion for Court-Authorized Notice (although it was not filed), reviewed and analyzed invoices and back wages, prepared for mediation, and received and made numerous communications." ECF No. 36 at 9. The parties apparently have not deposed any witnesses. *See id.* at 3.

settlement is fair and reasonable." *Faulkner v. Ensign United States Drilling Inc.*, No. 16-CV-03137-PAB-KLM, 2020 WL 550592, at *2 (D. Colo. Feb. 4, 2020) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982)).

The Court has identified several deficiencies in the Motion to Approve Settlement and in the confidential settlement agreement itself and thus will not grant the motion. The deficiencies described below are not intended to be an exhaustive evaluation of the parties' motion and settlement agreement. Counsel is directed to review the applicable caselaw before reapplying for Court approval.

### A.    Class Certification

As noted above, Plaintiff did not move for conditional certification (despite seeking an extension to do so). The FLSA permits "one or more employees" who are "similarly situated" to bring an action against their employer. 29 U.S.C. § 216(b). Courts usually apply a two-stage approach to determining whether plaintiffs are "similarly situated" for purposes of FLSA collective action certification. *Ostrander v. Customer Eng'g Servs., LLC*, No. 15-CV-01476-PAB-MEH, 2018 WL 1152265, at *2 (D. Colo. Mar. 5, 2018) (citing *Thiessen v. GE Capital Corp.*, 267 F.3d 1095, 1105 (10th Cir. 2001)). At the first stage, a district court determines whether the plaintiffs are similarly situated for purposes of sending notice to putative class members. *Id.* (citing *Thiessen*, 267 F.3d at 1102). Courts us a lenient standard at this first stage, requiring only "substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Thiessen*, 267 F.3d at 1102 (citation omitted). At the second stage, which occurs after discovery, the district court again evaluates whether the putative class members are similarly situated. *See id.* at 1102–03. Courts employ a stricter standard at this second

stage, which requires consideration of several factors, including (1) the disparate factual and employment settings of the individual plaintiffs; (2) various defenses available to the defendant which appear to be individual to each plaintiff; and (3) fairness and procedural considerations. *Id.* at 1103–05.

Some courts in this District have held that "[f]inal class certification is generally required before a court may approve a collective action settlement." *Ostrander*, No. 15-CV-01476-PAB-MEH, 2018 WL 1152265, at *2 (D. Colo. Mar. 5, 2018) (citing *Whittington v. Taco Bell of Am., Inc.*, No. 10-cv-01884-KMT-MEH, 2013 WL 6022972, at *2 (D. Colo. Nov. 13, 2013)); *Davis v. Crilly*, 292 F. Supp. 3d 1167, 1171 (D. Colo. 2018) ("Final certification for settlement purposes requires the Court to determine whether the settlement class members are similarly situated." (citing *Thiessen*, 267 F.3d at 1105)). Other courts in this Circuit have taken a different approach. *Cazeau v. TPUSA, Inc.*, No. 218CV00321RJSCMR, 2020 WL 3605652, at *3 (D. Utah July 2, 2020) (finding that the Tenth Circuit is silent on the issue and adopting the position that "final certification is not a prerequisite to approving the Settlement Agreement").

In the parties' Motion to Approve Settlement, they have not moved for final collective action certification and fail to address whether class certification is required in this action. Again, courts in this Circuit have rejected settlement agreements for this very reasons. *Gassel v. Am. Pizza Partners, L.P.*, No. 14-CV-00291-PAB-NYW, 2015 WL 5244917, at *3 (D. Colo. Sept. 8, 2015) (despite conditionally certifying the collective action, the court rejected the settlement agreement because "there is no basis for the Court to issue a final certification ruling, which is by itself a sufficient basis for denying" the parties' motion); *Ostrander,* 2018 WL 1152265, at *2 (same); *Oates v. Kinder Morgan*

*Energy Partners, L.P.*, No. CIV-19-1171-SLP, 2022 WL 18673322, at *2 (W.D. Okla. Jan. 18, 2022), *recons. denied*, No. CIV-19-1171-SLP, 2023 WL 1954661 (W.D. Okla. Jan. 25, 2023) ("Although Plaintiff previously requested conditional certification, that motion was later withdrawn. Plaintiff does not request certification (whether conditional or final) in the current Motion and actually argues against such a requirement. The Court does not agree with Plaintiff that the Court can finally approve the settlement without certification.")[2]; *Gambrell v. Weber Carpet, Inc.*, No. CIV.A. 10-2131-KHV, 2012 WL 162403, at *3 (D. Kan. Jan. 19, 2012) ("Though the Court must make a final class certification finding before it can approve a collective action settlement, the parties here do not ask the Court to do so. Nor do they present information regarding whether plaintiffs are similarly situated for purposes of final collective action certification. [] On this record, then, the Court cannot make a final determination as to whether the action should proceed as a collective action. [] Thus, it cannot approve the proposed class action settlement.").

## B.    Notice

Section 216(b) does not require that district courts conduct fairness hearings prior to approving collective action settlements, but at a minimum, courts generally require that opt-in plaintiffs be given notice of any settlement and an opportunity to object. *Faulkner*, 2020 WL 550592, at *2; *Tommey v. Comput. Scis. Corp.*, No. 11-CV-02214-EFM, 2015 WL 1623025, at *1 (D. Kan. Apr. 13, 2015); *see also Goldsby v. Renosol Seating, LLC*, 2013 WL 6535253, *10 (S.D. Ala. Dec. 13, 2013) ("[T]he majority of the courts approve a [FLSA collective action] settlement only after notice has been provided to the opt-in

---

[2] The Court observes that at least one of Plaintiff's counsel was counsel of record in the *Oates* case, where the district court rejected the plaintiff's Unopposed Motion to Approve FLSA Settlement for many of the same deficiencies the Court has identified here.

plaintiffs and a fairness hearing conducted, or at the least, what is required is a statement to the Court that the opt-in plaintiffs have had notice of the settlement and an opportunity to object.").

Here, SM Energy has identified approximately 99 potential class members. There is no evidence, however, that the parties have notified these individuals about this lawsuit or provided any notice of the proposed settlement. There is also no evidence that either of the two employees who did opt-in were given notice of the settlement and an opportunity to object. Plaintiff instead asks the Court to first approve the settlement agreement and then permit Plaintiff to provide notice and consent to potential class members. ECF No. 36 at 13. Chief Judge Brimmer rejected a similar schedule in *Ostrander*, where he found that "[t]he notice, which the parties contemplate will be sent along with the settlement checks after Court approval of the parties' agreement, presents the settlement as a *fait accompli*, never informing class members of their right to object to the settlement or challenge their individual awards. [] The Court finds that the parties' failure to provide opt-in plaintiffs with notice of the settlement and an opportunity to object is a sufficient basis, standing alone, to deny the present motion." *Ostrander*, 2018 WL 1152265, at *2–3.

Moreover, in rejecting a similar settlement agreement in *Oates*, the court described the agreement as a "premature settlement"—"(i.e., requesting approval before other putative settlement participants have been given the chance to opt in)." *Oates*, 2022 WL 18673322, at *4. The court explained that the premature nature of the agreement hampered the court's "evaluation of the Settlement Agreement as fair and equitable and

further supports the Court's decision that conditional certification and notice is required before approving the settlement." *Id.*

### C.    Confidential Nature of FLSA Settlement Agreement

The parties filed their Confidential Settlement Agreement and Release under seal. ECF No. 35. As the name implies, the settlement agreement contains an extensive confidentiality provision. *See* ECF No. 35, ¶ 11.1. Confidentiality provisions generally contravene the purpose of the FLSA. *See Oates*, 2022 WL 18673322, at *4; *Stubrud v. Daland Corp.*, No. 14-2252-JWL, 2015 WL 5093250, at *1 (D. Kan. Aug. 28, 2015) (recognizing the "broad consensus that FLSA settlement agreements should not be kept confidential"); *Galvez v. Americlean Servs. Corp.*, No. 1:11CV1351 JCC/TCB, 2012 WL 1715689, at *4 (E.D. Va. May 15, 2012) ("[M]any courts have rejected proposed settlement agreements containing confidentiality provisions, finding them unenforceable and operating in contravention of the FLSA."); *Ostrander*, 2018 WL 1152265, at *5 (rejecting settlement agreement because "the parties have not demonstrated that the specific kinds of personal information contained in the settlement documents—namely, class members' names, dates of employment, dates of overtime work, and individual settlement amounts—are entitled to protection").

### D.    Proposed Attorneys' Fee Award

Plaintiff's counsel requests an award of $1,030,000.00, representing 40% of the Gross Settlement Amount. ECF No. 35 at 2. Under the FLSA, the Court "shall . . . allow [plaintiff] a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). Despite the mandatory language found in the statute, the Court must use its discretion to determine whether the amount is reasonable. *Davis*, 292 F. Supp. 3d

at 1171. "In common fund cases, it is standard to use a percentage method when calculating attorneys' fees." *Id.*

The Court cannot appropriately evaluate the proposed attorneys' fee award at this time. To start, the Court does not know the size of the collective class—or whether there will be a class. *Prim v. Ensign United States Drilling, Inc.*, No. 15-CV-02156-PAB-KMT, 2018 WL 3729515, at *2 (D. Colo. Aug. 3, 2018) ("[W]ithout knowing the size of the settlement class, the Court cannot assess the reasonableness of the requested fee award."). Although SM Energy has identified approximately 99 individuals who may be part of the class, ECF No. 35 at 2, the docket currently only reflects a class of three. And as noted, the docket does not suggest "protracted litigation" has occurred, as Plaintiff argues, such that an award of $1,030,000.00 is warranted at this time.

\* \* \*

The Motion to Approve Settlement is denied. If the parties reapply for Court approval of a new settlement agreement, they should, at a minimum, address the issues discussed above. The Court, however, will permit Plaintiff to move for authorization of notice to be sent to Day Rate Workers consistent with this opinion and the prevailing caselaw to provide the putative plaintiffs an opportunity to opt in and object to any future settlement agreements. *See Oates*, 2022 WL 18673322, at *5 (describing the notice requirements).

### III.  CONCLUSION

The above-cited deficiencies preclude approval of the parties' proposed settlement agreement. The Court thus DENIES without prejudice Plaintiff's Unopposed Motion to Approve Settlement. ECF No. 36.

DATED this 22nd day of November 2024.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge